IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, a.k.a. HARRY DARNELL HOWARD,<br><br>    Petitioner,<br><br>  v.<br><br>STUART SHERMAN,<br><br>    Respondent. | No. C 15-0667 WHA (PR)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>(Dkt. 71) |

    This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging his state court conviction. Respondent's motion to dismiss the petition as untimely was granted on June 16, 2016. In the same order, a certificate of appealability was also denied. Petitioner did not file an appeal. On December 2, 2016, he filed a motion to "alter or amend the judgment" under Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 71). Petitioner indicates that he attempted to file the motion previously, but prison officials negligently failed to mail it. He requests that the motion be considered now. That request is granted.

    Although petitioner calls his motion a motion to "alter or amend" the judgment, he primarily seeks relief under Rule 60(b)(6). Rule 59(e) provides for altering or amending a judgment, and Rule 60(b) provides for "relief from judgment." Rule 60(b)(6) provides for relief from judgment for "any reason" not otherwise provided in Rule 60(b). The other grounds for relief in Rule 60(b) consist of: (1) mistake, inadvertence, surprise or excusable neglect; (2)

1 newly discovered evidence which by due diligence could not have been discovered in time to
2 move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; and (5) the
3 judgment has been satisfied. Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that
4 "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be
5 utilized only where extraordinary circumstances prevented a party from taking timely action to
6 prevent or correct an erroneous judgment." *United States v. Washington*, 394 F.3d 1152, 1157
7 (9th Cir. 2005) (internal quotations omitted). Thus, to reopen a case under Rule 60(b)(6), a
8 party must establish "both injury and circumstances beyond his control that prevented him from
9 proceeding in a proper fashion." *Ibid.* (internal quotations omitted). Mere dissatisfaction with
10 the court's order or belief that the court is wrong in its decision are not adequate grounds for
11 relief. *Twentieth Century - Fox Film Corp.*, 637 F.2d at 1341.

12 Petitioner argues that he is entitled to relief from judgment under 60(b)(6) because of
13 violations of his constitutional rights at his criminal trial in state court, and he focuses in
14 particular on his right to testify in his own defense and his right to the effective assistance of
15 trial and appellate counsel. These arguments pertain to the constitutionality of his state court
16 conviction, and indeed they are the basis of claims he makes in his petition. These arguments
17 do not, however, pertain to the basis of the judgment in this case, which was the dismissal of his
18 federal petition for being untimely under 28 U.S.C. 2244(d)(1). As a result, these arguments do
19 not provide for any reason justifying relief from the judgment here under Rule 60(b)(6).

20 Petitioner also states that his trial attorney caused a delay in filing an appeal in the
21 California Court of Appeal of approximately three months, and that this shortened the
22 limitations period for a federal habeas petition (ECF No. 71 at 13, 21, 23). However, under the
23 statute governing the statute of limitations for federal habeas petitions (28 U.S.C.
24 2244(d)(1)(A)), the limitations period does start until after all stages of state court direct review
25 were completed, which in this case occurred when the California Supreme Court issued a
26 remittitur. Therefore, any delay in filing petitioner's appeal to the California Court of Appeal
27 happened before the federal limitations began to run, and such a delay did not shorten or
28 otherwise impact the amount of time petitioner had to file a federal habeas petition. This is

therefore not grounds for relief from the judgment that the instant petition was not timely filed.

Petitioner also argues that he is entitled to equitable tolling of the limitations period because he diligently pursued his rights by firing both his trial and appellate counsel (ECF No. 71 at 27). As noted, the limitations period did not begin to run until after petitioner's direct appeals and the time for seeking such appeals ended. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner fired his attorneys during trial and during the pendency of his direct appeal, which means that both of these events occurred before the limitations period began to run. A limitations period that has not yet started cannot be tolled, equitably or otherwise. Petitioner also states that he filed two state habeas petitions in the state courts because appellate counsel did not raise the claims plaintiff wanted (ECF No. 71 at 27-28). It was explained in the order of dismissal why these petitions — petitioner's first and second state habeas petitions, filed during the pendency of the direct appeal and in August 2003, respectively — do not toll the limitations period so as to render the instant petition timely. These are also not grounds for relief from judgment under Rule 60(b).

Petitioner asserts that he is entitled to relief from judgment because a petition should not be deemed untimely if the petition has merit, i.e. if the state court decision was contrary to or an unreasonable application of federal law under 28 U.S.C. 2254(d)(1) (ECF No. 71 at 33-34). The Antiterrorism and Effective Death Penalty Act imposed a one year statute of limitations on federal habeas petitions, which applies regardless of the merits of the claims raised in the petition. Petitioner seeks an exception to an otherwise untimely petition where the petitioner's right to due process and to testify were violated during trial (*id.* at 35-36), but there is no such exception to the statute of limitations for federal habeas petitions. Accordingly, petitioner is not entitled to relief from judgment under Rule 60(b)(6).

Petitioner also cites to Rule 60(d)(1), which provides that an "independent action" may be filed by a party seeking "relief from a judgment, order or proceeding." Petitioner has not filed an independent action, i.e. a new case, and therefore this rule does not apply to the present motion. Petitioner also cites to Rule 59(e). "[A]ltering or amending a judgment [under Rule 59(e)] is an 'extraordinary remedy' usually available only when (1) the court committed

3

manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016). There has been no intervening change in the controlling law, no newly discovered evidence is presented, and, for the reasons described above, petitioner has not shown manifest errors of law or fact or that the dismissal of the petition as untimely was manifestly unjust.

For the foregoing reasons, petitioner's motion to "alter or amend" the judgment (ECF No. 71) is **DENIED**.

**IT IS SO ORDERED.**

Dated: February   7   , 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4